UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLARE LEE,

                Plaintiff,

-against-

THE BOARD OF EDUCATION OF THE CITY OF NEW YORK AND/OR THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, et al.,

                Defendants.

Case No. 1:24-cv-000545 (JLR)

**TRANSFER ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff brings this action asserting discrimination and retaliation claims under federal, state, and local law. ECF No. 1 ("Compl."). The day after filing her complaint, Plaintiff informed the Court that the action was "erroneously filed" in this Court and moved to transfer the case to the United States District Court for the Eastern District of New York. ECF No. 4. For the reasons stated below, the Court GRANTS Plaintiff's motion.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. *Id.* § 1391(c)(1). An "entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such

defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

A district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may also be *sua sponte*. *See id.* at 83, 90 (affirming *sua sponte* transfer); *Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established." (citation omitted)). In determining whether to transfer a case, courts consider, among other things, "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Corley*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Here, the Court finds that on balance the factors weigh in favor of transferring this case to the Eastern District of New York. To begin with, Plaintiff resides in the Eastern District of New York. *See* ECF No. 1 ("Compl.") ¶ 9 ("Plaintiff is a[] . . . resident of the State of New York, County of Kings."). Therefore, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here. *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006). Plaintiff's decision to file in the Southern District of New York should also be given negligible weight because Plaintiff has stated that the complaint was erroneously filed here and now seeks the Eastern District of New York as her chosen forum. ECF No. 4. The operative facts of this case are also "centered in another district." *Zepherin*, 415

F. Supp. 2d at 411.  The case concerns alleged sexual harassment and retaliation by an assistant principal at the school where he and Plaintiff worked, also located in the Eastern District.  *See* Compl. ¶¶ 11, 20, 22-25, 38, 44, 56, 61, 67, 82, 100.  Because Plaintiff resides in the Eastern District and the operative facts occurred in that district, "it [is] reasonable to expect that all relevant documents, witnesses, and means of process for obtaining evidence" are in the Eastern District.  *Corley*, 11 F.4th at 90.  The Court finds that the balance of factors weigh in favor of transferring this action to the Eastern District of New York, and that such a transfer is in the interests of justice and conveniences of the parties and witnesses.  *See* 28 U.S.C. § 1404(a).

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York.

Dated: January 26, 2024
        New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge